Barger *v.* Durvin.

[WESTCHESTER SPECIAL TERM, March 3, 1856.  *Emott*, Justice.]

BARGER *vs.* DURVIN, TAYLOR and FLAGLER.

Where the makers of a promissory note, within six years before suit is brought thereon, and before a suit is barred by the statute of limitations, assign their property to trustees, in trust for the benefit of creditors, and direct them to pay such note, among others, in full if there shall be sufficient property, and if not, then to pay a ratable dividend upon it, with other debts, and the assignees in pursuance of such direction, make a dividend of fifty per cent upon the note, and pay the amount to the holder, this payment will be treated as the act of the makers themselves, by their agent duly authorized for that purpose, and as evidence of a new promise by them to pay the note.

A payment made by a part of the joint and several makers of a promissory note, within six years before suit is brought thereon, and before a suit is barred by the statute of limitations, will not revive the debt, as to the other makers.

ACTION upon a promissory note.  The defense was the statute of limitations.  The opinion states all the material facts.

*Mr. Coffin,* for the plaintiff.

*Mr. Wells,* for the defendants.

EMOTT, J.  Upon the trial of this action before me, without a jury, the making of the note described in the complaint was admitted.  It was a joint and several note signed by all the defendants, dated in 1846, and due in May, 1847, for $500 and interest.  The interest was paid and indorsed upon it in 1847 and 1848.  In 1848, on the 5th day of August, the defendants

Taylor and Flagler, having become insolvent, made an assignment for the benefit of their credtors, to Edward Wells and Gilbert B. Hart.   To this assignment were annexed schedules of the debts which the assignees were directed to pay, and among others this note was specified in one of the schedules.   The assignees, accordingly, having converted some or all of the property of the assignors into money, made a dividend of fifty per cent on the class of debts to which this note belonged, and on the 23d of August, 1849, Mr. Wells paid the plaintiffs two hundred and fifty dollars on the note in question.   Upon this payment the plaintiff relies to take the case out of the statute of limitations ; and thus the case presents distinctly the question whether a payment by the assignees of an insolvent debtor under an assignment specifying the debt in question and directing its payment, made within six years after the debt became due, and within six years before suit brought, is a bar to the suit.   Of course, so far as the defendant Durvin is concerned, upon the authority of *Shoemaker* v. *Benedict*, (1 *Kern.* 176,) no act or admission of the other defendants, or in their behalf, can revive the debt.   But as to Taylor and Flagler, the question is a different one.

I can find no case in the courts of this country in point.   In *Roosevelt* v. *Marks*, (6 *John. Ch. R.* 266,) there had been no payment by the assignees of Marks and his partner, upon the demand in question, and this fact is strongly insisted upon by Chancellor Kent.   And although he uses strong language as to the injustice of considering a payment of a dividend by the assignees of a bankrupt, or by trustees, as equivalent to a new promise by the original debtor, yet it should not be overlooked that he is speaking more particularly of the effect of such payments upon a co-obligee of the bankrupt, and that he is also considering the case of assignees in bankruptcy, who are not the agents voluntarily made by the debtor, and have no special directions to pay any particular debts.

In *Hammon* v. *Huntley and others*, (4 *Cowen's R.* 493,) the remark was made, *obiter*, that an admission by one of two executors would take a debt out of the statute.   This was dis-

approved in *The Cayuga Co. Bank* v. *Bennett*, (5 *Hill*, 240,) in an observation also *obiter*, by Judge Cowen. The question in both these cases arose as to the power of one executor to bind his associates and the estate by admissions. In the latter case Judge Cowen speaks of *Thompson* v. *Peters*, (12 *Wheat.* 565,) as deciding that all the personal representatives of an intestate could not prevent the statute of limitations from attaching to a debt, by their joint admissions. An examination of that case, however, will show that the case turned upon the question of the extent and character of the declarations of the administrator, and that it is not an authority for the proposition to which Judge Cowen says it was cited in the case in 7 *Conn. Rep.*

I think, moreover, that even if any of these cases could be regarded as authorities to show that an admission by an executor or administrator is not sufficient to revive a debt, they would still not be decisive of the present question. The ground of these decisions is that executors and administrators are appointed simply to distribute assets for the payment of admitted or established debts, and not with the object nor clothed with authority to create liabilities, and with no express agency to pay any specific debts.

There is no doubt that a payment made by a debtor, of a part of, or upon, his pre-existing debt, is an admission of its existence, and of an existing liability to pay it, and that from such a payment the law will imply a promise to pay the residue. Such a payment furnishes the most satisfactory evidence of such an existing liability, and its assumption. It is a deliberate act against the interest of the party, and not liable to misrepresentation by witnesses, like a mere verbal acknowledgment. In the recent revision of our statute of limitations, therefore, the effect of a partial payment has been left as it has always been regarded to be, equivalent to a written acknowledgment of the debt or an express promise to pay.

The real question in all cases of partial payments, when they are not made by the party sought to be charged, himself, is the question of the extent of the authority of the person by whom they were made. That was the question in *Van Keuren* v.

Barger *v.* Durvin.

*Parmelee*, (2 *Comst. R.* 523,) where it was decided that one of two partners has no authority, after a dissolution of the partnership, to revive a debt against his associate, by a new promise either express or implied from a partial payment ; that is, that the relation of partners did not in itself vest any continuing authority in one of the partners to bind the other, in any way, after the dissolution of the partnership. So in *Shoemaker* v. *Benedict*, (1 *Kern. Rep.* 176,) it was held that a joint contract to pay money does not create an agency in one of several joint debtors, to continue or revive a debt barred against all by the statute of limitations. Both these cases are decided upon the question of authority implied or to be implied from the relation of the parties. Neither of them touch the principle that a partial payment made by an agent who is duly authorized, either expressly or impliedly, to make it for another, will furnish evidence of a new promise to pay, and revive the debt against that person. The payment need not, in any case, be made with the intention of making an acknowledgment and reviving the debt thereby. It is necessarily an unequivocal acknowledgment of the debt, and the law then at once implies a new promise to pay. The object and the effect of the payment is a question of legal construction, not of actual intention to be ascertained by looking into the minds of the parties. And therefore, I apprehend, in a question of agency, the simple question is, whether the agent had authority to make the payment in question, not whether he was authorized or directed to make the payment for the express object of barring the statute or otherwise to revive the debt, or to make a new promise to pay it. That may not have been in contemplation of the parties at all, but that will be the legal consequence and result of the payment, if the person making it had proper authority to make it as a payment on account of a debt of the party to be charged.

I think these considerations are decisive of the present case. Here the defendants Taylor and Flagler, within six years before this suit was brought, and before this suit was barred as to them by the statute of limitations, conveyed their property to trustees and directed them to pay this note among others, nam-

ing and describing it, to pay it in full if their property was sufficient, if otherwise, to pay a ratable dividend upon it, with other debts. Is there any difference, in principle, between this authority and that conferred by an express written direction, by the debtors to an agent, to pay a particular amount upon a given debt? There could be no doubt that a payment by an agent, under such an authority and direction, would be equivalent to a payment by the debtor himself, and would afford incontrovertible evidence of liability and a new promise to pay. I can see no reason why the act of the assignees of these defendants, under all the circumstances of this case, should not be treated as an act of the defendants themselves, by an agent duly authorized for that purpose, and as evidence of a new promise by the debtor to pay this note.

There will, therefore, be judgment for the plaintiff, against the defendants Taylor and Flagler, for the amount remaining due on the note, and interest.

[WESTCHESTER SPECIAL TERM, March 3, 1856. *Emott*, Justice.]