## E. R. HARD v. LEVI A. EDGELL.

*Statute of Limitations.   Assignment for the benefit of creditors.*

The receipt by an assignee for the benefit of creditors of money upon one of the assigned demands, has no effect to remove the bar of the statute of limitations upon the debts of the assignor, for the benefit of which the assignment is made.

Neither does it alter the effect of such receipt in respect to the statute of limitations, that the assignor himself, acting as clerk for the assignee, receives such money, and makes a memorandum on the assignee's books of such receipt.

ASSUMPSIT upon four promissory notes signed by the defendant, dated May 25th, 1851, and payable four, five, six and seven months after date, respectively, to the order of R. W. Howes & Co., and by them endorsed to the plaintiff confessedly for the sole purpose of collection for the benefit of the payees. The action was commenced September 8th, 1859. The defendant pleaded the statute of limitations, and the cause was tried by the court at the April Term, 1862, PIERPOINT, J., presiding.

It appeared on trial, that on the 8th of January, 1852, the defendant, being indebted to R. W. Howes & Co., upon the notes in suit, and also to one Reed, and being insolvent, made an assignment of all his accounts and demands against all persons to Wires & Peck, attorneys, in trust for said Howes & Co., and Reed. This assignment recited that Howes & Co. and Reed had agreed to discharge their claims against the defendant for fifty per cent. of the amount thereof, and provided that Wires & Peck should collect the assigned demands, and pay over the money to Reed and to Howes & Co., in proportion to their respective claims, until they should be half paid, when the residue of their claims should be cancelled, and the balance, if any, remaining in Wires & Peck's hands after paying the expenses of collecting, was to be accounted for to the defendant, but that the assigned demands were to belong to Wires & Peck for the purpose above named, and be subject to their sole management.

This assignment was accepted by Wires & Peck, with the

assent of Howes & Co., and Reed, and the assignees caused all the assigned claims to be drawn off upon their docket, and at the same time opened an account upon their ledger with Howes & Co. and Reed jointly, and proceeded to collect the assigned demands. The collections as made were entered first upon the docket in connection with the respective demands collected, and from thence usually credited upon the ledger to Howes & Co. and Reed, upon the joint account above mentioned.

From the date of the assignment until June, 1852, the defendant rendered Wires & Peck some voluntary assistance in collecting the assigned demands. On the 2nd of June, 1852, he became their general clerk, and after that time, in that capacity, aided them in the collection of such assigned demands, and in transacting the business relating to the assignment, just as he assisted them in their other business, that is to say, according to their directions. While acting as their clerk, he in several instances made entries upon their docket and ledger, relative to the demands assigned by him to them. The only entry of that character, however, made by him within six years next preceding the commencement of this suit, was made upon the docket in reference to an assigned claim against one Varney. It was as follows, the portion in brackets not having been made within six years. [" *August* 16, 1853. *Defaulted, execution issued same day.*] *Received October 4th,* 1863, *of defendant* ( *Varney,*) *eleven dollars and eighty-three cents, and credited damages to Reed and Howes' assignment."* No entry, however, was made upon the ledger in the account with Reed and Howes & Co. by the defendant or any other person, of the payment so entered upon the docket.

Upon these facts the plaintiff insisted that his claim upon the notes in suit was not barred by the statute of limitations, but the court held otherwise, and rendered judgment for the defendant, to which the plaintiff excepted.

The plaintiff *pro se*, with whom was *Wm. W. Peck.*

*D. S. Heald* and *Wm. G. Shaw,* for the defendant,

BARRETT, J. The question in this case arises under the issue made upon the statute of limitations.

After making the assignment, set forth in the bill of exceptions, along up to June, 1852, the defendant gave some voluntary assistance to Wires & Peck in collecting the assigned demands. On the 2nd day of June, 1852, he became a general clerk in the office of Wires & Peck, and so continued till October, 1853. As such clerk he performed service for them in and about the business of their office; a part of which business was that of making collections of said assigned demands. Of the money collected thereon the last remittance to Howes & Co. was made July 27th, 1852. The only transaction under, or in reference to, said assignment, that appears to have taken place within six years next prior to the bringing of this suit, was October 4th, 1853. Among the demands assigned was one against Varney, which had been entered in the office docket of Wires & Peck soon after the assignment. Upon the docket of this demand there is an entry in the defendant's hand writing:

" August 16th, 1853, defaulted, execution issued same day."

This was made more than six years before the bringing of this suit. There is another entry in the defendant's hand writing, upon the same docket entry of the demand:

" Received, October 4th, 1853, of the defendant, $11.83, and credited damages to R. & H. assignment."

Did the receiving of the payment on said execution, and the making of said entry upon the docket 'by the defendant, as the clerk of Wires & Peck, operate in law to remove the bars of the statute? We think not.

Did the *receipt of that money by the assignees* operate to remove the statute bar, as against the assignor? We should not feel warranted in so holding, unless on the authority of some adjudged case. None has been adduced, and we think none now exists. The case of *Burger* v. *Durvin*, 22 Barb. 68, in which EMMOT, J., delivered the opinion, at most, has reference to a *payment made* by the assignees upon a debt secured by the assignment, and in no view purports to decide that the *receipt* of money by the assignees from a debtor, upon an assigned

demand, operates to remove the bar of the statute that has run upon a debt secured by the assignment.

In view of principles made familiar by a long course of judicial decisions, it would hardly seem warrantable to undertake, by discussion, to make the proper answer to be given to each of the above questions more palpable than it is upon the mere propounding of the questions themselves, in connection with the facts on which they are predicated.

The judgment is affirmed.