NEW YORK PRACTICE REPORTS. 273

Trustees of the estate of Kohnstamm agt. Foster.

## SUPREME COURT.

The TRUSTEES of the estate of KOHNSTAMM agt. CHARLES W. FOSTER, impleaded, &c.

*A general assignment for the benefit of creditors, is such an acknowledgment or promise in writing by the assignor, as under the provisions of the Code, takes a note of the assignor, the payment of which is provided for in the assignment, out of the operation of the statute of limitations.*

*New York Special Term, January,* 1865.
TRIAL by the court.

FLAMEN B. CANDLER *and* EDGAR S. VAN WINKLE, *for plaintiffs.*
WM. M. PRICHARD, *for defendant.*

JAMES, J. This action was tried before me without a jury. The only question of dispute arises upon the note dated July 11, 1857, for $10,000, payable at three months, which matured October 14, 1857, the action not having been commenced until November 19, 1863. To this note the defendants interposed the statute of limitations, and to take it out of the statute the plaintiffs proved that on the 31st day of December, 1857, the defendants made a general assignment of their property to one Howland, in trust for their creditors, and that said assignment, after providing for the payment of expenses, &c., provided for the appropriation of the fund realized therefrom, to certain debts named in a schedule annexed, which said schedule contained this note of $10,000. Plaintiffs further show that said assignee under said assignment, out of the proceeds thereof, paid on said note December 28th, 1858, $966.60, and October 4th, 1859, $966.61. Two questions are thus presented :

1. Was the execution and delivery of assignment a suffi-

cient acknowledgment in writing within the Code, to take the case out of the statutes ? and

2. Did the payments made by the assignee in pursuance of said assignment, bar the statute ?

I am not aware that the first question has ever been passed upon by the courts. The law now in force upon this subject is one enacted by the Code (§ 110), which declares that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take a case out of the operation of the statute of limitations, unless the same be contained in *some* writing, signed by the party to be charged thereby. It seems to me that this assignment contains all the elements required by this statute; it acknowledges the debt in writing; and is signed by the party to be charged. The Code does not define what the writing shall be, it merely requires the acknowledgment or promise to be contained in *some writing, signed* by the party charged, and for aught I can see, it can as effectually be made in a general assignment for the benefit of creditors, *as in any other instrument.*

The second question has been before the courts in *Barger* agt. *Denvin* (22 *Barb.* 68), and *Pickett* agt. *King* (34 *Barb.* 193). In the former Justice EMOTT, at special term, held that payment by an assignee was the act of the assignor by his agent duly authorized, and was evidence of a new promise. In the other case, the court at general term disapproved of Justice EMOTT's decision, and held the other way. On this question, therefore, I am bound by the decision of the general term, however much I may doubt its correctness. But upon the first question I have no doubt, and therefore dispose of this case upon that point alone. I hold that the assignment was a sufficient acknowledgment to take the case out of the statute, and that the action having been brought within six years after such acknowledgment, the plaintiff is entitled to recover the balance due on said note,