RAWLEY, The M. K. See Case No. 9,679.

RAWLINGS (HEINECKE v.). See Case No. 6,326.

RAWLINGS (RHEA v.). See Case No. 11,737.

RAWLINS, The. See Case No. 8,007.

RAWLINSON (UNITED STATES v.). See Case No. 16,123.

RAWSON, In re. See Case No. 4,837.

RAWSON (BLAKE v.). See Case No. 1,499.

RAWSON (WALKER v.). See Case No. 17,083.

## Case No. 11,589.

### In re RAY.

[2 Ben. 53; 7 Am. Law Reg. (U. S.) 283; Bankr. Reg. Supp. 44; 1 N. B. R. 203; 6 Int. Rev. Rec. 223; 1 Am. Law T. Rep. Bankr. 46.] [1]

District Court, S. D. New York. Dec., 1867.

STATUTE OF LIMITATIONS—EXAMINATION OF BANKRUPT.

1. A debt, to be barred by limitation so as not to be provable in bankruptcy, as not being "due and payable" according to the nineteenth section of the bankruptcy act [of 1867 (14 Stat. 529)], must be shown to be barred throughout the limits of the United States.

[Disapproved in Re Hardin, Case No. 6,048. Cited, but not followed, in Re Kingsley, Id. 7,819; Re Cornwall, Id. 3,250; Re Noesen, Id. 10,288; Nicholas v. Murray, Id. 10,223.]

2. Before a creditor can, under the twenty-sixth section of that act, apply for an order to examine the bankrupt, he must prove his claim; but, under the twenty-second section, a creditor who has tendered proof of a debt, which has not been allowed, may also apply for such examination.

In this case, upon the day appointed by the register, on the application of Wheeler, Madden & Clemson, creditors, for the examination of the bankrupt [James D. Ray] and his wife and other witnesses, under section 26 of the bankruptcy act, the bankrupt objected to the examination, on the ground that the claim of those creditors was barred by the statute of limitations of the state of New York, and, in support of such objection, the bankrupt put in before the register an affidavit and plea, for the purpose of availing himself of the plea and defence of such statute. The facts were conceded by the cred-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 1 Am. Law T. Rep. Bankr. 46, contains only a partial report.]

itors to be correctly set forth in the affidavit. The affidavit, which was made by the bankrupt, stated, that the claim of the creditors was filed with the assignee December 7th, 1867, the assignee having been appointed September 12th, 1867; that such claim was founded upon a note made by the bankrupt and another person, as copartners, dated at New York, May 1st, 1860, for $747.14, payable in eight months after date, and upon a balance of account against said copartnership amounting to $1,197.38, for merchandise purchased by it from said creditors prior to October, 1860; that the debtors and the creditors were all of them citizens of, and all of them resided within, the state of New York at the time such indebtedness arose or was contracted, and have thence continued and now are citizens of, and residents within, said state; that the credit on said indebtedness expired, and the entire claim became due and payable, and so remained for more than six years before the filing of the original petition of the bankrupt herein; that any right or cause of action accruing thereon against said copartnership or said bankrupt, did not accrue within six years next before the filing of said petition; that, by reason thereof, the said claim is barred by the statute of limitations of the state of New York; that the said note was made and delivered at New York, and was payable there, and the said merchandise was purchased there, and the claim of said creditors was contracted there; that, by reason of said matters, the bankrupt took objection to all proceedings by said creditors or on their behalf in this matter, and made the affidavit and interposed the plea of said statute for the purpose of availing himself of such objection and of said statute as a defence and bar to said claim, or to its allowance as a claim, against his estate, and as a bar to the right of said creditors to have such examination; and that the bankrupt had in no way or manner waived said objection. On the foregoing facts, and on the request of the parties, the register certified to the district judge, for his opinion thereon, the following question: Has a creditor who has proved his debt, but whose debt is barred by the statute of limitations of the state of New York, as set forth in said affidavit and plea, a right to examine the bankrupt under section 26 of the bankruptcy act?

BLATCHFORD, District Judge. At the request of the parties, made through the register, the court consented to receive written briefs on the question certified in this case. A brief has been furnished on the part of the bankrupt, but none on the part of the creditors. The questions discussed on the part of the bankrupt are, whether the bankrupt is estopped from availing himself of the statute of limitations by reason of his having set forth the claim of the creditors in the schedule of creditors annexed to his petition; whether the bar created by the statute of New York cannot operate as a complete bar to the debt, unless it be also shown that the debt would be barred in all the states of the Union; and whether, this being a proceeding for the relief of the debtor, and the discharge he petitions for being a matter of concession and favor, he cannot interpose a technical defence or objection, or one that does not go to the equities between the parties.

It is argued, on the part of the bankrupt, that the placing by him of the debt upon the schedule to his petition is not a promise to pay the debt, or an admission of a willingness to pay it, or an admission that it is due, or an acknowledgment or recognition of its existence, or of an existing liability to pay it, from which a new promise may be inferred, the fact that the debt is named in a proceeding, the sole purpose of which is to obtain a discharge from all liability on the debt, being a circumstance calculated to repel the presumption of an intent or promise to pay the debt; that, under the facts in regard to this debt, the creditors cannot claim the benefit of the statute of limitations of any other state than New York; and that the right to a discharge on complying with the law is a legal right. The question certified is treated by the argument on the part of the bankrupt as identical with the question whether the claim in this case is provable under the bankruptcy act.

The twenty-sixth section provides, that the court may, on the application of "any creditor," require the bankrupt to submit to an examination upon, among other things, all debts claimed from him, and all matters concerning his property and estate. The twenty-second section provides, that the court may, on the application of "any creditor," "examine upon oath the bankrupt, or any person tendering, or who has made proof of claims, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake." Before a creditor can, under section 26, apply for an order to examine the bankrupt he must prove his claim. The words, "any creditor," in that section mean any creditor who has proved his claim. It is true, that the examination under that section may extend to an examination concerning the claim itself. But an examination of the bankrupt, when desired, in regard to a claim proved or sought to be proved, can take place under the twenty-second section; and the words, "any creditor," in the last clause of that section, must, from the language of the whole section, be held to mean not only a creditor who has proved his debt, but a creditor who has tendered proof of a debt which has not yet been allowed, so as to authorize the latter, as well as the former, to apply for an examination under the twenty-second section. The order

for the examination in the present case is stated to have been made under the twenty-sixth section, and I must contend that it was not to be merely an examination in reference to the debt claimed by these creditors. As their debt had been proved, they had a right, under section 26, to apply for the order. The debt being proved, and the order being made, the creditors have a right to proceed with the examination.

The twenty-third section requires the court to allow all debts duly proved. But, under the provision in the twenty-second section, before quoted, the court is required to reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake. The claim of these creditors must stand as proved until it is rejected, either as not having been duly proved or as having been founded in illegality or mistake. If the bankrupt desires to have the claim rejected for any such reason, he must apply to the court by petition, and a reference will be ordered, under section 38, to make the examination provided for by section 22.

I might content myself with answering the question certified, by saying that a creditor who has proved his debt has a right to examine the bankrupt under section 26 of the act, although his debt may appear to be barred under the circumstances set forth in this case. But what is really desired by the parties is a decision whether the debt in this case is one which ought to be rejected as being barred by the statute of limitations of New York.

The bankruptcy act is silent as to the operation of any statute of limitation. The nineteenth section provides, that "all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy," may be proved against his estate. This language is broad enough, on its face, to include all debts, no matter of how long standing. I have not met with any decision under any former bankruptcy act of the United States on the question presented. But in England it has always been held, under the bankruptcy law, that a debt which cannot be recovered in an action, against a plea of the statute of limitations, cannot be proved in bankruptcy. Ex parte Dewdney, 15 Ves. 479; In re Clending, 9 Ir. Eq. (N. S.) 287. And in England a dividend paid on such a debt was ordered to be repaid. Ex parte Dewdney, ubi supra. The principle involved is, that the debtor is under no obligation to pay such a debt, and that, therefore, it cannot be said to be "due and payable." The rule in England continues to be the same and the ground on which it is put by elementary writers is, that the bankrupt has no option as to defending or not defending a claim against his estate in bankruptcy, save through the action of the assignee, and the assignee is bound, in the interest of the body of creditors, to set up any legal defence which the bankrupt could

have set up if he were not bankrupt. 1 Archb. Bankr. Law (by Griffith & Holmes, Ed. 1867) p. 533; 2 Dor. & M. Bankr. p. 787. I think that is the proper rule, and that, under section 19 of the bankruptcy act, no debt can be considered "due and payable" which is barred by limitation, and that a debt so barred cannot be proved in bankruptcy.

Is the debt in the present case so barred? The Code of Procedure of New York provides (sections 74, 91) that a civil action on causes of action such as those in this case, can only be commenced within six years after the causes of action accrued, but that the objection that the action was not commenced within the time limited can only be taken by answer. The whole scope of the statute is one affecting the remedy merely, and not the contract. A complaint setting out a cause of action which appears to have accrued more than six years before the action was commenced, is not objectionable on its face or open to a demurrer. The defence of the limitation must be set up by answer. If it is not so set up, it is waived. Now, the distinction between a law which affects the rights and merits of a contract, and extinguishes it and makes it null and void as the result of a prescription or limitation, and a law which does no more than limit the time within which an action must be brought upon the contract in the courts of the country which enacts the law, is well settled. A law of the latter description is wholly confined to the country enacting it. A law of the former description may, under certain circumstances, so affect the contract and its construction as to be capable of being invoked as a bar to an action on it in another country. Huber v. Steiner, 2 Bing. N. C. 202; Story, Confl. Laws, § 582. The statute of limitations of New York goes exclusively to the remedy in the courts of New York, and could never be invoked as a bar to an action in another state on the contracts in question in this case. This principle is sought by the creditors in this case to be applied to their claim, and they insist, that, as they would have a right, notwithstanding anything found in the law of New York, to sue the bankrupt on their claim if they find him within the jurisdiction of another state, they ought not to be deprived of the privilege of proving their claim in bankruptcy under a law of the United States, whose operation is co-extensive with the limits of the United States, unless it is shown that the claim is barred throughout the limits of the United States. The English bankruptcy law is co-extensive, as to territorial operation, with the English statute of limitations. The bankruptcy act of the United States operates in all the states as well as in New York. Under these circumstances, I think, that a debt, to be barred by limitation, so as not to be provable under the bankruptcy act, as not being "due and payable," must be shown to be so barred throughout the limits of the

United States. I am the less reluctant to hold this view, because a contrary rule would have an effect which the counsel for the bankrupt in this case seems to have entirely overlooked. By section 32 of the bankruptcy act, a discharge under it discharges the bankrupt from all debts and claims which are by the act made provable against his estate (except such as are excepted by section 33); and, by section 34, it is declared, that the discharge shall, with such exception, release the bankrupt "from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy." If it be held that the debt in this case cannot be proved against the estate, it will not be discharged, and it will stand against the bankrupt. If he shall hereafter be sued on it in another state, the discharge in bankruptcy will be no defence to such suit, if it appears that, on a direct adjudication, the creditors were refused permission, by the court in bankruptcy, to prove their claim, on the ground that it was not provable because it was barred by the statute of limitations of New York, and that statute will be no defence to such suit. The effect of applying, in this case, the views contended for on the part of the bankrupt, would be very disastrous to his interests. The schedules to his petition disclose the names of 324 creditors, whose aggregate debts, as set forth therein, amount to over $120,000. Of these creditors, 235 are set down as residing in the state of New York. Of the entire amount of debts, some $30,000 have been put into the shape of judgments. The rest appear to have been all of them past due for more than six years at the time the petition in bankruptcy was filed, and to be simple contract debts. The same rule that would exclude the debt in question here from being provable, would exclude others, probably the debts of all the 235 creditors who reside in New York, possibly the debts of all the 324, except those in judgment. Thus the bankrupt would, by his discharge, secure a discharge from but a meagre fraction of his debts. In the present case, 10 debts have been proved, amounting, in the aggregate, including the debt in question here, which is proved at $2,-897.29, to a little over $13,500. These debts are all of them in the same category. They are simple contract debts, not in judgment, and were all of them due and payable more than six years before the filing of the petition in bankruptcy in this case. If they should be held to be not provable against the estate of the bankrupt because they were barred by the statute of limitations of the state of New York at the time such petition was filed, and yet should be held, under section 34 of the act, to be discharged by a discharge in this case, because they were in fact proved against the estate, and all the other unproved simple contract debts should be held not to be discharged because they were not proved, and because, having been due and payable for more than six years before the filing of such petition, they were not provable, the result would be that the debts in judgment, amounting to $30,000, and the debts proved, amounting to $13,500, would be discharged, while the remainder of the debts, amounting to nearly $80,000, would be unaffected by the discharge. This is certainly a result which the bankrupt cannot be supposed to be aiming at by his proceedings in bankruptcy, or by taking the objection that the debt in question here is not provable against his estate. And yet it is a result which must inevitably follow, if the views urged on his behalf are sound. I also not think that any interpretation of the act ought to be admitted which can work out any such result, if any other interpretation is fairly to be deduced from its provisions. It is not to be presumed that a beneficent statute like this, which was designed to restore to the pursuits of trade and business, for the benefit of the whole country, energies which have been crippled by misfortune, is so hampered in its operation as not to extend to the discharging of a simple contract debt which has been past due for more than six years. The provision in section 19, that "all debts due and payable from the bankrupt" may be proved, is broad enough to include all debts, no matter how old, for the recovery of which, but for a discharge under the act, the bankrupt can be sued anywhere within the territory where the discharge will operate; and no provision is found in the act which destroys the provability of a debt because it is barred by the statute of limitations of one state.

These views dispose of the question presented in the certificate from the register, without the necessity of deciding on any of the other points raised. But I ought to say, that I am not satisfied, that the setting forth of a debt in a schedule to a voluntary petition in bankruptcy, can have the effect of destroying a bar which has come into operation in regard to the debt by virtue of a statute of limitations.