KINGSLAND (PATTERSON v.). See Case No. 10,827.

---

## Case No. 7,818.

### In re KINGSLEY.

[6 Ben. 300;[1] 7 N. B. R. 558.]

District Court, S. D. New York. Jan., 1873.

#### EXAMINATION OF BANKRUPT.

Where an order for the examination of a bankrupt is issued at the instance of a creditor who has duly proved his debt, the bankrupt cannot refuse to be sworn under the order, by reason of his claiming that he has an offset which extinguishes the creditor's debt, and desires to file a petition for the re-examination of the claim.

In this matter the register certified to the court, that he had made an order for the examination of the bankrupt [Norman W. Kingsley], under the 26th section of the bankruptcy act [of 1867 (14 Stat. 529)], on the application of one Showers, a creditor who had duly proved his debt; that, on the return of the order, the bankrupt declined to be sworn, claiming that Showers was not a creditor, and was not returned as such in the schedule attached to the petition, and that any indebtedness which had ever existed from the bankrupt to Showers had been offset and extinguished by a counter indebtedness from Showers before the filing of the petition; and that he desired to file a petition for the re-examination of Showers' claim.

By the Register:

[I, Henry Wilder Allen, register in bank-

ruptcy, of said district, having the above entitled matter in charge, do hereby certify that on the 4th day of January, 1873, upon the application of Daniel H. Showers, a creditor of said bankrupt, who has duly proved his debt herein, I made and issued an order for the examination of said bankrupt, under the twenty-sixth section of the bankrupt act, and appointed the 13th day of January, 1873, at 3 o'clock p. m., as the time for the said examination, which said order was duly served upon the said bankrupt; that on the said 13th day of January, 1873, pursuant to said order, the said bankrupt attended before me with F. C. Bowman, Esq., his counsel, and the said creditor appeared by William Peet, Esq., his counsel, and the said examination being called, the said bankrupt, by advice of counsel, declined to be sworn and examined under the twenty-sixth section of the bankrupt act, under the order issued upon the application of the said Daniel H. Showers, claiming that said Showers is not a creditor, and was not so returned on the schedules of the said bankrupt, and that any indebtedness that ever existed from said bankrupt to said Showers, was offset and extinguished by a counter indebtedness from the said Showers to the said bankrupt before the filing of his petition, and for the further reason that he, the said bankrupt, desires to file a petition for the re-examination of the said claim. And at the request of the counsel for said parties I have made this certificate, that such order may be made herein as to the court may seem just and proper.][2]

---

## Case No. 7,819.

### In re KINGSLEY.

[1 Lowell, 216;[1] 7 Am. Law Reg. (N. S.) 423; 1 N. B. R. (Quarto) 52; 1 N. B. R. 329 (Quarto, 66); 15 Pittsb. Leg. J. 235, 277.]

District Court, D. Massachusetts. Feb., 1868.

#### BANKRUPTCY—DEBT BARRED BY STATUTE OF LIMITATIONS—ENTRY UPON THE SCHEDULE—WHETHER ACKNOWLEDGMENT.

1. A debt barred by the statute of limitations, of the state in which the bankrupt resides, and where his petition is filed, cannot be proved against his estate in bankruptcy.

[Cited in Re Hardin, Case No. 6,048; Re Cornwall, Id. 3,250; Re Noesen, Id. 10,288. Approved in Re Doty, Id. 4017. Cited in Nicholas v. Murray, Id. 10,223.]

[Cited in National Mount Wollaston Bank v. Porter, 122 Mass. 310; Benton v. Holland, 58 Vt. 535, 3 Atl. 322.]

---

[2] [From 7 N. B. R. 558.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2. The entry of a debt upon the schedule by a bankrupt is not such an acknowledgment, or new promise, as will revive a debt which is barred by the statute of limitations of Massachusetts.

[The questions certified and argued in this case are whether a debt which is barred by the statute of limitations of Massachusetts, where the bankrupt has resided for the last ten years, and where these proceedings are had, but not barred by the statute of limitations of Vermont, where the creditors reside, and where both parties resided when the contracts were made, can be proved against his estate in bankruptcy.] [2]

Clarke & Haskins, for creditor.
A. A. Ranney, for assignee.

LOWELL, District Judge. The questions certified and argued in this case [by the register of the Fourth Massachusetts district] [3] are, whether a debt which is barred by the statute of limitations of Massachusetts, where the bankrupt has resided for the last ten years, and where these proceedings are had, but not barred by the statute of limitations of Vermont, where the creditors reside, and where both parties resided when the contracts were made, can be proved against his estate in bankruptcy. [Judge Lowell has decided contrary to the opinion of Judge Blatchford, of New York, in Re Ray (Case No. 11,589), that a debt barred by the statute of limitation of Massachusetts cannot be proved against the estate of a bankrupt, if objected to by the bankrupt, or any creditor.] [3] If not, whether the act of the bankrupt in entering the debt upon his schedule is such an acknowledgment, or new promise, as will revive it.

To the first question, it would seem to be a sufficient reply that the statute of limitations would bar a suit in any court of law in this district, and especially in the circuit court of the United States. For courts of bankruptcy in disputed cases must refer such questions to the other courts, or, at least, must decide them upon the same principles as other courts would. Thus, by our statute, all such disputes may be tried, either by prosecuting to final judgment a suit already pending, or where the dispute first arises after the proceedings have been begun, by trying it according to the course of the circuit court in actions at law. I cannot resist the conclusion that any plea which would be good at law (this being a legal debt) must be good in bankruptcy.

But as the question has been decided otherwise by a judge from whom I differ with great hesitation (Blatchford, J., Ray's Case [supra]), and has been argued here at length, I will proceed to show why, in my judgment, the same result ought to follow upon principle and authority, even if the mere fact that the defence is good at law were not, as I think it is, absolutely binding and decisive.

Statutes of limitations are remedial and beneficial. They are founded upon the sound principle that lapse of time, by obscuring the truth, renders the administration of justice uncertain, and that, for the sake of justice as well as peace, payment ought to be presumed after a certain period has passed. If the evidence of debt be of a high and formal nature, the evidence of payment may be expected to be more formally made, and preserved with more care, than in mere simple contracts; but even in such cases, some period works a bar. It is not a presumption of fact which may be rebutted by proof of non-payment, but a conclusive presumption of law. 1 Greenl. Ev. § 16. So useful and important have these statutes been found, that courts of equity, when not bound by them, have adopted them as rules of practice, and they are so regarded by the circuit court of the United States sitting in equity. If there were a discretion vested in the courts of bankruptcy to adopt a new rule, it seems to me they would follow this analogy.

The point was decided in this way by Lord Eldon in Ex parte Dewdney, 15 Ves. 479, and afterwards reheard and reviewed by the same learned judge, when he said that his first opinion was strongly confirmed, and that he had additional reasons for it. But these he does not appear to have recorded, though he intended to do so. See note A to Ex parte Burn, 2 Rose, 59; Ex parte Roffey, 19 Ves. 468. The reasons which he has given are ample, and have been accepted in England, and his decision, though opposed to a ruling of Lord Mansfield at nisi prius, and to the practice of some of the ablest commissioners of bankrupts, has been acquiesced in, and has been repeatedly recognized as law, though never again directly questioned. Ex parte Ross, 2 Glyn & J. 46, 330; Gregory v. Hurrill, 5 Barn. & C. 341; [Taylor v. Hipkins, 5 Barn. & Ald. 489]. [4] Besides the mischiefs which the statutes of limitations were intended to remedy, and which would be aggravated by the negligence in the preservation of evidence which they are calculated to induce, and do induce, after their bar is supposed to shield a debtor from suit, all which apply as strongly in bankruptcy as in any other form of suit, there would be special hardships to bankrupts, or supposed bankrupts, as well as to their creditors, in adopting a different rule in bankruptcy from that which prevails at law. Thus an honest debtor, who makes a satisfactory and honorable composition with all his known creditors, would be liable to be prosecuted in this court as a fraudulent bankrupt for making that very composition; and this by a person who could not sue him in any court in this district, which is the only district in which proceedings in bankruptcy

---

[2] [From 15 Pittsb. Leg. J. 277.]
[3] [From 15 Pittsb. Leg. J. 235.]

[4] [From 15 Pittsb. Leg. J. 279.]

could be taken against him [and on the hearing of such a petition the presumption of law would be reversed, and he would be obliged to prove that he had paid an outlawed debt.] [5] So upon the question whether a debtor is insolvent or not, and many other points. The mischiefs would be far-reaching and intolerable.

It is said that the bankrupt law [of 1867 (14 Stat. 517)], being uniform throughout the United States, ought to be so worked as to give every creditor who could sue in any state or territory of the Union the right to proceed in bankruptcy, and therefore, although it be granted that some limitation should be applied, it must be one which would be good throughout the Union. There is great plausibility in this argument, but it is not strong enough to overthrow the arguments on the other side. The right to sue must depend on the forum. Statutes of limitations relate only to the remedy, and cannot have an extra-territorial effect. If it were possible to have a statute of this kind, of general operation throughout the jurisdiction of the United States, it might be very useful, but there is none such. The general rule, therefore, sought to be applied, does not exist. If there were such a one, no doubt this debt would be barred by it, because it is a simple contract debt of more than ten years' standing; and such a debt is barred, I suppose, by the statutes of every state and territory, when applied to defendants who have been within their jurisdiction for that period. They do not bar suits against persons not within their jurisdiction, simply because they have nothing to do with them.

Most of them, perhaps, following the common-law rule of prescription, and for purposes of convenience, bar all suits after twenty years, and the result of holding that the law of the states and territories where this remedy is not sought shall be regarded, is simply to abolish the statutes of limitations, and revert to a common-law prescription. But the very fact that this debt is not barred by the laws of Oregon, or of any other state which has no jurisdiction of it, and because it has no jurisdiction of it, shows to my mind that the law of such a state ought not now to be applied to it. In such a matter as this, the courts of the United States must, in the absence of a law of congress, be guided by the law of the forum. There can be no other rule.

The argument most strongly pressed in this case on behalf of the creditor is, that the statute of bankruptcy intends that all debts should be discharged, wherever held; therefore, this debt must be discharged, and if so, it is a provable debt, for only provable debts are discharged. There can be no doubt that this is a provable debt, and that it will be discharged by the certificate, if the bankrupt obtains one. All debts which by their nature

are provable are discharged, whether they in fact could be proved or not. Thus debts due to an alien enemy, or to one dead or insane, or who accidentally failed to prove or was not notified, all these, and many others that could be mentioned, would be barred, though it might be impossible that they could be proved. Because this debt is provable, it does not follow that it can be proved. The question is, whether it is a debt at all. A debt that has been paid cannot be proved, but it will be discharged; that is to say, the payment need not be relied on after the certificate has been obtained. It would be a singular reply to a plea of discharge in bankruptcy, that the debt was not discharged because it could not have been proved, and that it could not be proved because it had been paid, or because the court of bankruptcy found, rightly or otherwise, that it had been paid. Yet, that is all that the rejection of this proof amounts to. Applying the law of the forum, I find, as a presumption of law, that this provable debt has been paid. All provable debts are discharged; but all supposed debts, to which a certificate of discharge would be a bar, are not necessarily provable. The difference arises in a case like this, from the fact that the bankrupt law deals with the contract itself, and discharges it, and so, necessarily, has a much wider reach than the law of limitations, or than rules of evidence which touch only the remedy. The same thing is true in England, and would be so in our states, excepting that (by construction) the constitution of the United States forbids them to deal in this mode with contracts between citizens of different states. In England, the statutes of limitations and of bankrupts are passed by the same legislature; but one has a much wider operation than the other, so that a debt held in Scotland, or England, or the colonies, or abroad, may be discharged, though the statute of limitations may prevent its being proved. Mr. Christian, whose opinion and practice had been opposed to the rule as laid down in Ex parte Dewdney, gives us to understand, that the argument that the debts would necessarily be discharged, was not overlooked in the discussion of that case. The argument that congress, by discharging debts due throughout the Union, must intend to adopt all the statutes of limitations in the Union, proves too much. The same argument will show that it must have adopted those of all the world, for debts due throughout the world are discharged in bankruptcy, if the contract were to be performed here. Hunter v. Potts, 4 Term R. 182; Potter v. Brown, 5 East, 124; May v. Breed, 7 Cush. 15; Story, Confl. Laws, § 335, &c.

The hardship of this rule is much less than might at first appear. It is only on the supposition that the creditor might possibly sue his debtor away from home that there is any hardship at all. All that the foreign creditor has to do is to sue his debtor at home, and in due season, and keep his debt alive. Our

---

[5] [From 1 N. B. R. 329; (Quarto, 66).]

statute of limitations makes no discrimination against foreign creditors, but in some respects quite the contrary; for if he has been beyond seas, he has a longer time allowed him. If within the United States, there is no reason for any discrimination in his favor. The complaint of any creditor that he might probably find a foreign forum, which, because it is foreign, would give him a remedy which he has lost by negligence in the true and proper forum, is not entitled to much consideration. One case of practical hardship may be put, and that is when a creditor has actually sued his debtor away from home, and obtained security by attachment or otherwise, which would be taken away by the bankruptcy, and yet he would have no right to prove his debt. I consider that the bankrupt law makes a sufficient provision for such a case, by enacting that an action may be prosecuted to final judgment, and the amount of the judgment be proved in bankruptcy.

I agree with Judge Blatchford, that the bankrupt, by putting the debt upon his schedule, does not make a new promise to pay it. This depends somewhat upon the particular statute of limitations, and it has been so decided in Massachusetts in a case under the state insolvent law, so called, which is a bankrupt law, though one limited and restrained in its operation by the constitution of the United States; and it is so upon principle, because the debtor does not make out his schedule with any view to the payment, but to the discharge of his debts. And, besides, the creditors have a right to plead the statute as well as he, and they are not bound by his schedule. Richardson v. Thomas, 13 Gray, 381; Roscoe v. Hale, 7 Gray, 274; Stoddard v. Doane, Id. 387; and see the cases in Roscoe v. Hale. In those cases, it is true, the debt was not barred when the schedules were made; but if the schedules were evidence of a new promise, two of those decisions must have been for the plaintiff, because the schedules had been made within six years before suit brought. The fact weakens the argument to this extent, that it cannot be said in this case that the debtor was merely carrying out his legal duty in putting an existing debt in his list. He would not be so bound in respect to this debt, but it remains true that he did it diverso intuitu.

Proof rejected.