In the Matter of the Estate of DANFORTH DAGGETT, Deceased.

*(Surrogate's Court, Cattaraugus County, Filed November 21, 1892.)*

LIMITATION—WAIVER OF BY INCLDUING CLAIM IN INVENTORY.

Including in the inventory a note or claim against the executor, without other comment or memoranda, is such an acknowledgment as to take it out of the statute of limitations.

Judicial settlement of accounts.

E. A. Scott, for the widow; W. R. Pindar, for administrator.

DAVIE, S.—This is a proceeding for the judicial settlement of the accounts of Nelson Daggett, as administrator of the estate of said deceased.

Danforth Daggett died intestate, at the town of Yorkshire, in the month of August, 1889, leaving a widow and descendants, and owning real estate of the value of $1,150.00, and personal property to the amount of about $500.00, and letters were granted upon his estate September 2, 1889.

The administrator, with the aid of appraisers, duly appointed for that purpose, prepared an inventory of the estate, which was filed November 7, 1889.

In making such inventory, the appraisers sought to set off to the widow, in addition to the articles exempted to her by the

Revised Statutes, and the $150 provided for by chapter 157 of the Laws of 1842, an interest in the real estate of the deceased in the following terms: "Under chapter 406, Laws 1889, we set off in conformity to said law one house and lot in the village of Yorkshire Center, N. Y., and being the same house in which the said Danforth Daggett resided before his demise, described, etc., * * * and appraised at $1,000."

A proceeding was thereupon commenced in Surrogate Court, upon the petition of the widow, to procure an order directing the administrator and appraisers to correct said inventory by setting off to the widow the entire amount of personal property to which she was entitled under the provisions of chapter 406, Laws 1889, which proceeding resulted in decree directing said appraisers to set off to the widow, in addition to what they had already allowed her, other personal property to the amount of $369.31, and the administrator appealed from the order entered therein to the General Term, where said order was affirmed, Matter of Daggett, General Term, April 16, 1891, 37 St. Rep. 810, and the widow thereupon became entitled to the entire personal estate.

Among the items of personal property included in the inventory was a promissory note, made by the administrator to the deceased, dated September 23, 1879, for the sum of $150.18, and which, with the accrued interest, was appraised at $251.18. In the account filed the administrator credits himself with the amount of said note, so appraised, alleging that the same is not a valid claim, being barred by the statute of limitations.

Objections are filed on behalf of the widow to various items of said account, none of which are now insisted upon aside from the claim that the administrator should be charged with the amount of said note.

It is provided by statute that the naming of any person executor in a will shall not operate as a discharge or bequest of any just claim, which the testator had against such executor, but that such claim shall be included among the credits and effects of deceased in the inventory and such executor shall be liable for

the same as for so much money in his hands at the time such debt or demand becomes due. 2 Rev. St. 84, sec. 13. And although insolvent at the time of his appointment he is bound to account for a debt so due from him and should be charged therewith on the settlement of his accounts as for so much money in his hands. Baucus v. Stover, 89 N. Y. 1.

The principle enunciated by the statute and applied by the authority above cited is recognized as equally applicable to administrators, inasmuch as the necessity for such a rule, viz., to obviate all difficulty, doubt, embarrassment and the incongruity of requiring a personal representative to proceed against himself for the collection of a debt, is equally great in both cases.

So, the inquiry in this case is, was this note a valid claim against Nelson Daggett at the time of his appointment, or has it become so by any act of his since his appointment? If it is, then he must account for it, as for so much money in his hands.

The note, upon its face, is barred by the statute, but it is claimed that the running of the statute was suspended by an indorsement thereon of $1.50, under date of May 18, 1885.

The indorsement is in the following form: "May 18, 1885, received on the within note, one dollar and fifty cents," but it does not appear that such indorsement was made with the knowledge or consent of the maker of the note, or that he, in fact, made any payment whatever thereon. Several witnesses are called who were well acquainted with the handwriting of both the intestate and the administrator, and who testify, with a considerable degree of certainty, that such indorsements are not in the handwriting of either. They further state that the note was exhibited to them at the time of making the appraisal and that the indorsement then had the appearance of having been very recently made, that the ink presented a bright, metallic lustre peculiar to writing recently done.

The indications are that such indorsement was made by some one interested in keeping the note from becoming barred, and acting under the supposition that the mere crediting of a small amount thereon would accomplish that result, and there is noth-

ing in the fact that the note bears such indorsement that justifies the conclusion that the note is not barred by the statute.

It is urged on the part of the widow that, assuming such note to have been barred at the time of taking the inventary, the act of the administrator in including it among the other assets of the estate was a sufficient written acknowledgment to remove the bar.

In the original inventory filed, this note was described as follows: "One note by Nelson Daggett, dated Sept. 23rd, 1879, present amount $251.18." No other comment or memorandum, with reference to this demand, appears in the inventory, although one other claim set forth therein is characterized as "doubtful," and another as "outlawed." The inventory is verified by the administrator in the following form:

STATE OF NEW YORK,  } ss.:
Cattaraugus County,  }

I, Nelson Daggett, do swear that I am administrator of the estate of Danforth Daggett, the above named deceased;

That the following inventory is in all respects just and true; that it contains a true statement of all the personal property of the said deceased which has come to my knowledge, and particularly of money, bank bills and other circulating medium belonging to the said deceased, and of all just claims of the said deceased against me, according to the best of my knowledge (and also of the real estate of deceased, as required by chapter 406, Laws of 1889).                    "NELSON DAGGETT.

Sworn to before me, this 7th }
    day of November, 1889. }
              C. S. PERSONS, Justice of the Peace.

While an acknowledgment or promise in writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the statute, Code Civ. Pro. sec. 395, yet it has been distinctly held that including such claim in the inventory was a sufficient acknowledgment. Ross v. Ross, 6 Hun, 80;

Morrow v. Morrow, 12 id. 386; Clark, Adm'r, v. Van Amburgh, 14 id. 557; Bryar v. Wilcocks, 3 Cow. 159; Stuart v. Foster, 18 Abb. Pr. 305.

The evidence discloses that, at some time during the progress of the appraisal, the administrator objected to this note being inventoried, but that is of little consequence in view of the fact that it was included among the assets and verified by the administrator as a just claim of the deceased against him. If the administrator had persisted in his refusal to include this note among the assets, or had refused to verify the inventory containing it, then, of course, no liability could be predicated upon the fact that the appraisers had enumerated it in the schedule of assets; or even if characterized in the inventory in the same manner as another claim therein set forth, "outlawed," there might be some opportunity of escaping, in this case, an application of the authorities above cited; but the declaration of the administrator under oath regarding the claim in controversy does not seem to leave much opportunity for speculation.

It must be held in this case that the administrator should be charged with the amount of the note, and a decree will be entered accordingly.