THE HYDE PARK FLINT BOTTLE COMPANY, Respondent, v. JULIA MILLER and JACOB MILLER, as Executors, etc., of TOBIAS MILLER, Deceased, Appellants.

First Department, July 13, 1917.

Limitation of actions — presumption of payment of judgment after twenty years — scheduling of said judgment in bankruptcy rebuts the presumption and acknowledges the indebtedness — action on judgment after discharge in bankruptcy of judgment debtor — pleading — failure to duly schedule judgment by stating creditor's address as unknown — collateral attack on discharge — burden of proof.

A debtor by listing a judgment in his bankruptcy schedules acknowledges the same as a subsisting obligation and rebuts the conclusive presumption under section 376 of the Code of Civil Procedure that said judgment has been paid.

The fact that in an action on such a judgment the plaintiff has not in his reply set up the schedules in bankruptcy as an acknowledgment of the debt does not prevent him from availing himself of the acknowledgment on the trial, where all the facts are pleaded by the defendants.

Stating the residence of a judgment creditor as unknown, without some evidence of due diligence to ascertain the address, does not constitute a due scheduling of the debt so as to effect its discharge.

An allegation that a claim is not discharged because not fully scheduled is not a collateral attack on the discharge, for by the terms of the Bankruptcy Act the discharge does not operate upon claims unless they are duly scheduled.

In an action upon a judgment the burden of establishing that it has been discharged in bankruptcy rests upon the defendant.

APPEAL by the defendants, Julia Miller and another, as executors, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1917, affirming a judgment of the City Court of the City of New York, rendered after a trial before the court without a jury.

*Jesse S. Epstein*, for the appellants.

*Joseph N. Folwell*, for the respondent.

PAGE, J.:

The plaintiff recovered a judgment against the defendants' testator in the City Court of New York city on August 16,

1895, for the sum of $1,331.23. On December 26, 1902, the defendants' testator filed schedules in bankruptcy proceedings in the United States District Court, in which appeared the judgment of the plaintiff, with the statement that the creditor's address was unknown. On May 9, 1903, a discharge from all debts and claims which were made provable under the Bankruptcy Act was granted to the defendants' testator. The plaintiff did not file any proof of debt nor appear in the bankruptcy proceedings, nor did the defendants' testator make any affidavit in the said proceedings as to his lack of knowledge or of any effort made to become informed of the address of the plaintiff, nor does it appear from the evidence that plaintiff had any notice or knowledge of the pendency of such proceedings.

As this action was commenced more than twenty years after the party recovering it was first entitled to a mandate to enforce it, the judgment would be conclusively presumed to be paid (*Brinkman* v. *Cram*, 175 App. Div. 373), unless the placing of this judgment in the bankruptcy schedules constitutes an acknowledgment of some part of the amount recovered by the judgment. (Code Civ. Proc. § 376.) In my opinion it does. It is an acknowledgment that the judgment has not been paid in writing and signed by the person to be charged. The acknowledgment of the debt provided for under this section of the Code is to be distinguished from that which is necessary to constitute a new or continuing contract under the Statute of Limitations (§ 395). In that case it has been held that the acknowledgment of the debt must be under such circumstances as to imply a promise to pay (*Manchester* v. *Braedner*, 107 N. Y. 346; *Connecticut Trust & S. D. Co.* v. *Wead*, 172 id. 497), and it has been held in a number of cases in the bankruptcy courts that the scheduling of debts thus barred by Statute of Limitations was not a sufficient acknowledgment to revive the right of action thereon. (*Matter of Lipman*, 2 Am. Bank. Rep. 46, 51; *Matter of Resler*, Id. 166, 602; *Simpson* v. *Tootle W. & M. M. Co.*, 32 id. 551, 554.) The acknowledgment that the judgment was a subsisting obligation on December 26, 1902, rebuts the presumption that it had been paid prior thereto. The action on the judgment was not barred by the lapse of time. The defendants argue

that as the plaintiff had not in his reply set up the schedules in bankruptcy as an acknowledgment of the debt, he could not avail himself of the acknowledgment at the trial. All the facts, however, are pleaded by the defendants in paragraphs VII and IX of the answer. It was not necessary for the plaintiff to plead the legal effect thereof in his reply.

The defendants claim that the debt having been scheduled in the bankruptcy proceedings, the debt has been discharged. This result only follows where the debt has been duly scheduled. Stating the residence of the creditor as unknown, without some evidence of due diligence to ascertain the address, does not constitute a due scheduling of the debt. (*Horbach* v. *Arkell*, 172 App. Div. 566.) To allege that the claim is not discharged because not duly scheduled is not a collateral attack on the discharge, for by the terms of the law the discharge is not to operate upon claims not duly scheduled. (3 Rem. Bankruptcy [2d ed.], § 2781.) The burden of proof rests upon the defendants to show that the judgment was discharged. One element necessary to prove this fact is that it was duly scheduled. This they failed to do.

The determination of the Appellate Term should be affirmed, with costs.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Determination affirmed, with costs.