### In re POVILL.

Appeal of PEOPLE'S NAT. BANK OF BROOKLYN, N. Y.

No. 373.

Circuit Court of Appeals, Second Circuit.

June 26, 1939.

158

McLean, Ferris, Ely & Fain, of New York City (Marshall McLean and Sarah H. McLean, both of New York City, of counsel), for appellant.

Max D. Frant, of Brooklyn, N. Y. (Joseph W. Gottlieb and I. Louis Kottler, both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The chief question is whether the listing of an outlawed claim in the bankrupt's schedules was an acknowledgment sufficient to revive the claim. The bankrupt filed voluntary petition in bankruptcy in December, 1937, listing People's National Bank as a creditor for $5,445. In due course the bank filed proof of claim for that amount, based on two demand notes made in 1928. Unless the transactions referred to below are to be deemed payments made by the bankrupt, the last payments on account of the notes occurred more than six years before bankruptcy. No other claims were filed. The bankrupt having applied for discharge, the bank entered specifications in opposition. The bankrupt countered by a motion to have the bank's claim expunged as barred by the statute of limitations. In resisting the motion the bank relied on the inclusion of the claim in the schedule of debts filed by the bankrupt. The bank also gave proof that within six years prior to bankruptcy it had applied balances in a checking account maintained with it by the bankrupt against overdue interest on the notes, and that the bankrupt had made no protest when informed of such action. It urged that these transactions

amounted to payments by the bankrupt within six years. The referee who heard the matter expunged the claim, and the district court affirmed.

■ The preliminary point is raised that the bankrupt had no standing to object to the claim. By section 57d of the Bankruptcy Act, 11 U.S.C.A. § 93(d), the right to object to claims is accorded to "parties in interest". It was held in Gregg Grain Co. v. Walker Grain Co., 5 Cir., 285 F. 156; certiorari denied, 262 U.S. 746, 43 S.Ct. 522, 67 L.Ed. 1212, that in cases where the estate was insolvent the bankrupt would not be permitted to contest claims. The holding had some support in General Order XXI(6), 11 U.S.C.A. following section 53, which at that time provided that "the trustee or any creditor" might have reexamination of a claim. But General Order XXI(6), as amended in 1933, 11 U.S.C.A. following section 53, now provides that claims will be reexamined at the instance of "the trustee or any creditor or the bankrupt or debtor". This order is expository of section 57(d) of the Act, and it would seem that a bankrupt may now move to expunge a claim filed against the estate, whether the estate be solvent or insolvent. Whether that is the rule in all cases, however, need not be decided. In the present case no other claims were filed. Any assets that might be discovered would go, subject to expenses, to the bankrupt himself if the bank's claim were invalid. The bankrupt thus had a direct interest in having the bank's claim disallowed. It is worth noting that the controversy between the parties arose when the bank opposed the bankrupt's discharge, and while a creditor who has no claim on file in the bankruptcy proceeding may oppose discharge, In re Ruhlman, 2 Cir., 279 F. 250; In re Ulrich, D.C., 18 F.Supp. 919, a decision of the motion to expunge the claim on the ground urged here, that it was outlawed, would in effect be decisive of the bank's right to be heard in opposition to discharge. We are of opinion that the bankrupt was a party in interest and might properly demand that the bank's claim be reexamined.

■■ A claim already outlawed by limitation when a bankruptcy proceeding is commenced may not be allowed as a claim against the bankrupt estate where appropriate objection is made. The pertinent statute of limitations is that of the state where the district court in which the bankruptcy proceedings are pending sits. Hargadine-McKittrick Dry Goods Co. v. Hudson, 8 Cir., 122 F. 232; In re Weidenfeld, 2 Cir., 277 F. 59; In re German-American Improvement Co., 2 Cir., 3 F. 2d 572. In New York the statutory period for claims on promissory notes is six years. More than six years having elapsed between the last payments made by the bankrupt on the notes and the commencement of the bankruptcy proceeding, the claim was properly disallowed unless there be merit in the one or the other of the claimant's points in rebuttal.

■ The claimant's main position is that the bankrupt's scheduling of the claim was an acknowledgment of it and sufficed to take it out of the statute of limitations. At common law an acknowledgment by the debtor of a barred debt operated as a revival of the debt, but only if the acknowledgment were such that a promise to pay might fairly be implied. Bloodgood v. Bruen, 8 N.Y. 362; Wakeman v. Sherman, 9 N.Y. 85; Bell v. Morrison, 1 Pet. 351, 7 L.Ed. 174. An oral acknowledgment was enough. Shapley v. Abbott, 42 N.Y. 443, 1 Am.Rep. 548. A New York statute, originally section 110 of the Code of Procedure and now section 59 of the Civil Practice Act, provides that "an acknowledgment or promise contained in a writing signed by the party to be charged" is the only competent evidence (other than a payment on account of principal or interest) of a new or continuing contract whereby to take a case out of the operation of the statutes of limitations. The act, like similar acts in other states, was taken from Lord Tenterden's Act, 9 Geo. IV, c. 14. While it speaks broadly of an acknowledgment taking a case out of limitations, the common law as to the character of the acknowledgment was carried over, save that an unwritten acknowledgment would no longer serve. The act changed nothing but the mode of proof. Haydon v. Williams, 7 Bing. 163; Shapley v. Abbott, supra; Kincaid v. Archibald, 73 N.Y. 189. Under the act, as at common law, an acknowledgment is effective only if it imports an intention to pay or at least contains nothing inconsistent with an intention to pay. Manchester v. Braedner, 107 N.Y. 346, 14 N.E. 405, 1 Am.St.Rep. 829; Connecticut Trust & Safe Deposit Co. v. Wead, 172 N.Y. 497, 65 N.E. 261, 92 Am.St.Rep. 756.

■■ The listing of a claim in a bankrupt's schedules, without notation that it is disputed or barred, is an acknowledgment of the debt in a literal sense. Section 7 of the Bankruptcy Act, 11 U.S.C.A. § 25 as it then read, made it the duty of a bankrupt to prepare, swear to and file a list of "his creditors", showing the amounts due each of them. The listing is not, however, an acknowledgment that implies an intention by the bankrupt to pay the debt. On the contrary, it signifies an intention by the bankrupt not to pay. We take the New York statute as construed by the court of last resort of that state and are brought to the conclusion that the scheduling of a debt by a bankrupt in his schedule of debts is not an acknowledgment that revives an outlawed debt. There are early cases in New York to the effect that the listing of a barred claim by an insolvent debtor is an acknowledgment that revives the claim. Bryar v. Willcocks, 3 Cow. 159; Stuart v. Foster, 18 Abb.Prac. 305, 28 How.Prac. 273. Later statements, while only dicta, are the other way. See Pickett v. Leonard, 34 N.Y. 175, 179; Hyde Park Flint Bottle Co. v. Miller, 179 App.Div. 73, 74, 166 N.Y.S. 110. The soundness of these later statements cannot be doubted in view of the general principle recognized in Manchester v. Braedner, supra, and Connecticut Trust & Safe Deposit Co. v. Wead, supra. Our conclusion is in line with numerous decisions in other courts that the listing of a claim by a bankrupt or insolvent debtor is not an acknowledgment that takes the claim out of the statute of limitations. Georgia Insurance & Trust Co. v. Ellicott, Fed. Cas. No. 5,354, Taney 130; In re Kingsley, Fed.Cas. No. 7,819, 1 Lowell 216; In re Ray, Fed.Cas. No. 11,589, 2 Ben. 53; In re Lipman, D.C., 94 F. 353; In re Resler, D.C., 95 F. 804; In re Wooten, D. C., 118 F. 670; In re Sanders, D.C., 20 F.Supp. 98; Roscoe v. Hale, 7 Gray 274; Stoddard v. Doane, 7 Gray 387; Richardson v. Thomas, 13 Gray 381, 74 Am.Dec. 636; Christy v. Flemington, 10 Pa. 129, 49 Am.Dec. 590; Hidden v. Cozzens, 2 R. I. 401, 60 Am.Dec. 93. See, also, Wood on Limitations, § 71; Remington on Bankruptcy, 962. The distinction attempted in In re Currier, D.C., 192 F. 695, that the bankrupt's scheduling of a barred claim takes the claim out of the statute as to the bankrupt but not as to other creditors, cannot be supported.

■■ The claimant also submits that its application of the bankrupt's balance in his checking account against the amount owing on the notes was equivalent to a payment made by the bankrupt and started the statute anew. It is law in New York that the creditor's use of moneys received by him from collateral security toward payment of the debt does not interrupt the running of limitations. Brooklyn Bank v. Barnaby, 197 N.Y. 210, 90 N.E. 834, 27 L.R.A.,N.S., 843; Security Bank v. Finkelstein, 160 App.Div. 315, affirmed 217 N.Y. 707, 112 N.E. 1076. There is no substantial difference between those cases and the present one. The bank's use of the bankrupt's checking balance to reduce his indebtedness on the notes did not interrupt the running of limitations.

The order of the district court was right and will be affirmed.