Leonard H. Sandler, J.
The defendant moved pursuant to OPLR 2304 for an order quashing a subpoena on the ground that the judgment on which the subpoena was issued was discharged in bankruptcy, and further moved pursuant to CPLR 3211 (subd. 5) for discharge of the judgment. In reply, plaintiffs asserted that their judgment was not discharged by the order of bankruptcy since it was not ‘‘ duly scheduled ’ ’ as *356 required by section 17 (subd. [a], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35). The matter was set down for a hearing to determine factual matters critical to a correct determination of the motions.
Now that the hearing has been completed it is clear that the controlling facts are not in serious doubt.
Plaintiffs secured a judgment against the defendant on July 17,1967 in the amount of $3,376.71, representing unpaid promissory notes, with interest and statutory costs.
Thereafter the defendant, beset by many creditors and devoid of assets, filed a petition in bankruptcy, in which he listed many creditors, including the plaintiffs. However, he incorrectly described his debt to the plaintiffs as a claim rather than a judgment, and, more significantly, listed plaintiffs’ address as 382 West 125th Street. This was not in fact the plaintiffs’ address, as defendant well knew, since it was the address of defendant’s former office.
Assuming that defendant did not know and could not learn plaintiffs’ correct address (although it was listed in the Bronx telephone directory), his minimum duty was to state that he did not know it. The excuse pressed at the hearing, that he listed the address described because it was the place fixed for the repayment of the notes, is not persuasive.
It is clear that plaintiffs’ judgment was not “ duly scheduled,” and it is equally clear that plaintiffs were not notified of and had no actual knowledge of the bankruptcy proceedings.
The cases interpreting the controlling section (U. S. Code, tit. 11, § 35), and the commentators as well, uniformly agree that when these circumstances are present — improper scheduling and lack of notice and knowledge — the debt is not discharged. (Marlowe v. Patt, 277 App. Div. 806 [3d Dept., 1950]; Hyde Park Flint Bottle Co. v. Miller, 179 App. Div. 73 [1st Dept., 1917]; Collier Bankruptcy Manual, § 17.06 [3d ed., 1969]; cf. Shire v. Bornstein, 4 A D 2d 74 [1st Dept., 1957], affd. 4 N Y 2d 299 [1958].)
Nevertheless, I have been troubled by the inequity that seemed to me to inhere in the application of the above doctrine to the totality of the circumstances here presented.
First: The defendant had no assets, the “ duly scheduled” creditors received nothing, and the plaintiffs if notified and present would have received nothing. In short, plaintiffs were almost certainly not harmed by the error in scheduling.
Second: The number of creditors listed, and the significant size of some of the obligations, provide substantial assurance that the possibility of hidden assets was carefully explored *357 during the proceedings, and tend to refute any possibility that the error had any ulterior purpose.
Third: It seems probable and indeed virtually certain that the error in the bankruptcy schedule was an aberration of judgment by a distraught man rather than a purposeful effort to avoid an obligation. Plainly, it was in defendant’s interest that he should list the debts correctly so that he might be relieved of their burden.
I have considered seriously whether the special arrangement of circumstances here listed would justify this court in holding that the instant judgment should be deemed discharged. The absence of any support for this approach in the decided eases, the complex and delicate nature of Federal-State jurisdiction involved, and an awareness that some considerations of policy might militate against such a result, have persuaded me, not without continuing reservations, that this was not the most appropriate judicial response in the present state of the law. The wiser course, I concluded, would be for the defendant to seek an amendment of the bankruptcy papers and schedules to permit the discharge to be effective.
The Federal court with its exclusive bankruptcy powers is the most appropriate forum for resolution of this kind of question.
I am informed that the defendant has commenced such a proceeding to correct the prior schedules, and that the parties have agreed that no action will be taken on the judgment until the resolution of the Federal proceeding.
Accordingly, I now deny defendant’s present motions to quash the subpoena and to discharge the judgment.