**In the Matter of Ronald M. OVETSKY, Debtor.**

**Bankruptcy No. A88–02267–ADK.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

May 17, 1989.

---

7. Debtor proposes an assessment of $30 per month on 1100 lot owners, or $396,000 in annu-

al fees to Debtor's estate.

**116**

Mark A. Kelley, Kitchens, Kelley, Gaynes, Huprich & Shmerling, Atlanta, Ga., for plaintiff.

J. Comer Yates, Mayer, Nations & Perkerson, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Chief Judge.

On or about April 26, 1988, Lexie Timson filed a proof of claim in the above-styled Chapter 7 bankruptcy case. The Debtor filed an objection to the proof of claim contending that the statute of limitations had expired on the claim. The matter is before the Court on cross motions for summary judgment on the Debtor's objection to Timson's proof of claim. The Court finds this matter to be a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Timson's claim is based on her allegations that the Debtor wilfully and maliciously injured her. The alleged tort took place in the state of Missouri sometime in 1985. At the time, both Timson and the Debtor were residents of Missouri. The Debtor later moved to the state of Georgia, and, on March 14, 1988, filed for relief under Chapter 7 of the Bankruptcy Code.

In addition to filing her proof of claim, Timson has also filed an adversary complaint to determine the dischargeability of her debt pursuant to 11 U.S.C. § 523(a)(6). In his answer to that complaint, the Debtor also has raised the issue of whether the statute of limitations has expired on Timson's cause of action. The Parties have informed the Court of their desire to have a definitive ruling on the statute of limitations issue prior to delving into the other issues raised by Timson's adversary complaint. Therefore, the Parties and the Court have agreed that that issue would be addressed by the Court in the context of the Debtor's objection to Timson's proof of claim so as to afford a direct appeal of this Court's ruling on that single issue. It should be noted that Timson has *not* sought a determination from this Court on the Debtor's liability for the alleged tort.[1] The sole issue before the Court is which statute of limitations applies to Timson's claim.

Timson contends that it is the Missouri statute of limitations which applies to her cause of action. Under Missouri law, Timson would have five years within which to file her cause of action against the Debtor. The Debtor, on the other hand, contends that Georgia's shorter two-year statute applies, thus making Timson's cause of action time-barred.

This Court has never been called upon to consider which state statute of limitations applies to proofs of claim. It further appears that no other courts under the Bankruptcy Code have considered the issue as neither Party nor the Court has located a Bankruptcy Code case directly on point. For the following reasons, the Court rejects the Debtor's position and finds that it is the Missouri statute of limitations which controls.

The Debtor contends that under the doctrine announced in the case of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court must, as a federal court deciding a claim based upon state law, decide the matter in the same manner as would a state court in the state in which this Court sits. *See* "Debtor's Brief in Opposition to Plaintiff's Motion for Summary Judgment on Debtor's Objection to Creditor's Claim" at 3. The Debtor relies upon the case of *In re Povill*, 105 F.2d 157 (2nd Cir.1939), in which the

---

**1.** In fact, pursuant to 28 U.S.C. § 157(b)(5), the District Court would have to try this matter

because it is a personal injury tort claim.

Second Circuit Court of Appeals stated that "[t]he pertinent statute of limitations is that of the state where the district court in which the bankruptcy proceedings are pending sits." 105 F.2d at 159 (citations omitted). This appears to have been the law prior to 1946. *See e.g., Doscher v. Garvin (In re German–American Improvement Co.)*, 3 F.2d 572, 575 (2nd Cir. 1924) ("The statute of the state in which the District Court is held and in which the proceedings in bankruptcy are instituted governs in the allowance of claims."); *Hargadine–McKittrick Dry Goods Co. v. Hudson*, 122 F. 232, 234 (8th Cir.1903) ("The statute of limitations of the state of the bankrupt's residence, and in which he was adjudged a bankrupt, like the exemption laws of the state, governs and determines the rights of creditors in the administration of the bankrupt's estate.").

In 1946, the United States Supreme Court handed down the decision of *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). The issue before the Court was whether to allow a claim for interest upon unpaid interest as was provided in the first mortgage indenture document in question. The Court stated that

> In determining what claims are allowable and how a debtor's assets shall be distributed, a bankruptcy court does not apply the law of the state where it sits. *Erie R.R. v. Tompkins*, 304 U.S. 64, [58 S.Ct. 817, 82 L.Ed. 1188] has no such implication. That case decided that a federal district court acquiring jurisdiction because of diversity of citizenship should adjudicate controversies as if it were only another state court. See *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. But bankruptcy courts must administer and enforce the Bankruptcy Act as interpreted by this Court in accordance with authority granted by Congress to determine how and what claims shall be allowed under equitable principles.

*Vanston*, 329 U.S. at 162—163, 67 S.Ct. at 239–240 (footnote omitted).

The Debtor contends that *Vanston* stands for the proposition that a bankruptcy court can *ignore Erie* when there is an overriding federal bankruptcy policy present. "Debtor's Brief in Opposition to Plaintiff's Motion for Summary Judgment on Debtor's Objection to Creditor's Claim" at 8. However, this is not what the Supreme Court said. As quoted above, the Court stated that the *Erie* doctrine does not apply where a bankruptcy court is considering claims. *See Vanston*, 329 U.S. at 162, 67 S.Ct. at 239. Thus, the Court finds that the *Erie* doctrine is irrelevant to the proceedings before the Court.

If *Erie* does not control this Court's decision as to which law to apply, the Court must look to other sources for guidance. As always, the Bankruptcy Code is an appropriate place to start. Section 502(b)(1) provides that the Court shall allow a claim "except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or *applicable law* for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1) (emphasis added). The Code is silent as to what is the "applicable law." If this Court is not compelled under *Erie* to apply Georgia law, it must examine the equities of the situation in order to determine which state's law should control.

In examining the equities in the proceedings *sub judice*, the Court must acknowledge the importance of the contacts with the state of Missouri which give rise to Timson's claim. *Both* Timson and the Debtor were residents of Missouri at the time the alleged tort occurred. The actions upon which Timson's claim rests occurred in Missouri. The only contact the Parties have had with the state of Georgia are the Debtor's moving his residence to Georgia and his filing a petition for relief under Chapter 7 of the Bankruptcy Code in Georgia. It is assumed that, but for the Debtor's filing bankruptcy in the state of Georgia, Timson could have sued the Debtor in Missouri and was relying on the Missouri five-year statute of limitations. Timson could not have anticipated that the Georgia

two-year statute of limitations might be applied to her cause of action. This is not to imply that the Debtor in this case deliberately relocated to Georgia knowing that it had a shorter statute of limitations. There are no facts or even allegations which would warrant such an inference.

It is a basic tenet of bankruptcy law that debts are fixed prior to the filing of a bankruptcy petition. A claim which was valid prior to bankruptcy should not be disallowed solely because the state law of the state in which the debtor has chosen to reside and file bankruptcy and which has no relation to the claim would not allow a recovery. In his concurring opinion in the *Vanston* case, Justice Frankfurter stated that

> The existence of a debt between the parties to an alleged creditor-debtor relation is independent of bankruptcy and precedes it. Parties are in a bankruptcy court with their rights and duties already established, except insofar as they subsequently arise during the course of bankruptcy administration or as part of its conduct. Obligations to be satisfied out of the bankrupt's estate thus arise, if at all, out of tort or contract or other relationship created under applicable law. And the law that fixes legal consequences to transactions is the law of the several States.

329 U.S. at 169, 67 S.Ct. at 243.

Thus, the Court finds that it is the Missouri statute of limitations which must control. To find otherwise would be inequitable to Timson. Furthermore, if this Court were to find that it is the forum's state law which must control, such a holding would lead to forum shopping where tort-feasors would relocate to the state with the shortest statute of limitations.

The Debtor would criticize the Court's holding by arguing that in some cases it might be inequitable not to apply the forum state's law. To illustrate his point, the Debtor gives the example of a manufacturer who sells a defective product in four different states which injures its users. If the manufacturer were to file bankruptcy, the Debtor contends that all of the injured users should have their claims treated exactly the same. This would occur if the statute of limitations of the forum state were to be applied to all of the claims. It would be unfair, according to the Debtor, to bar some claims and not others depending on the user's own state law. "Debtor's Response to 'Reply Memorandum of Lexie Timson'" at 7—8.

The Court disagrees that such a result is unfair. The Court finds no inequity in applying the state law upon which, absent the bankruptcy proceedings, the user would have been relying. As Justice Frankfurter stated in his concurrence in *Vanston,*

> To establish uniform laws of bankruptcy does not mean wiping out the differences among the forty-eight States in their laws governing commercial transactions. The Constitution did not intend that transactions that have different legal consequences because they took place in different States shall come out with the same result because they passed through a bankruptcy court. In the absence of bankruptcy such differences are the familiar results of a federal system having forty-eight diverse codes of local law. These differences inherent in our federal scheme the day before a bankruptcy are not wiped out or transmuted the day after.

329 U.S. at 172–173, 67 S.Ct. at 244–245.

It should be noted that this Court takes no position on the merits of Timson's claim or the merits of any defenses the Debtor might have in other litigation regarding the liquidation of Timson's claim. The Court is simply holding today that it is the Missouri statute of limitations which governs Timson's claim and not the statute of limitations provided by Georgia law.

### ORDER

In accordance with the reasoning above, IT IS THE ORDER OF THE COURT that the Debtor's objection to the proof of claim of Lexie Timson be, and the same hereby is, OVERRULED.

IT IS SO ORDERED.