In re SMEC, INC., Debtor.

Susan R. LIMOR, Trustee, Plaintiff,

v.

WEINSTEIN & SUTTON,
et al., Defendants.

No. 2:92–0095.

United States District Court,
M.D. Tennessee,
Northeastern Division.

Dec. 8, 1993.

---

Roy Clarence DeSha, Jr., Crocker & De-Sha, Nashville, TN and F. Dean Armstrong, Flossmoor, IL, for plaintiff.

Joyce M. Grimes, Ortale, Kelley, Herbert & Crawford, and Raymond Dale Bay and Maria M. Salas, Lewis, King, Krieg & Waldrop, Nashville, TN, for defendants.

## MEMORANDUM

WISEMAN, District Judge.

Before the court is the defendants' motion for reconsideration of this court's earlier Memorandum and Order denying their motion for summary judgment, 160 B.R. 86, or in the alternative for an amendment of this Order granting defendants permission to take an interlocutory appeal. For the reasons stated below, the earlier decision of this court remains intact and certification of an interlocutory appeal is denied.

## I

On October 27, 1993, this court denied the defendants' motion for summary judgment. Defendants argued that Tennessee law controlled plaintiff's legal malpractice action and that under this law the present action is time-barred. Contrary to the position advocated by the defendants, this court applied New Jersey's malpractice law. Under New Jersey law, the present action was not time-barred. The court based its choice of law on an analysis of which state has the most significant interest in seeing its laws applied. This choice of law rule flowed from an analysis of the wisdom of deviating from the procedural-substantive law distinction applicable in diversity cases when a federal court is sitting in bankruptcy. As discussed in the earlier Memorandum, this conclusion was strongly bolstered as well by dicta in the Supreme Court's *Vanston* opinion. *Vanston Bondholders Protective Committee v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946).

The defendants, in their motion to reconsider, argue that this court ignored the procedural law-substantive law distinction in considering how to choose between conflicting statutes of limitation. The core of defendants' argument, as previously stated and as now reiterated, is that the choice of law rules applied in diversity cases should also be applied in bankruptcy cases. Under the diversity rule, the procedural law of the forum state controls. Given that statutes of limitation are generally procedural in nature, defendants contend that Tennessee's statute of limitations should control as this bankruptcy court is situated in Tennessee.

As this court previously stated, the rationale for applying the choice of law rules of diversity cases does not extend to bankruptcy cases. A federal court sitting in diversity sits as an adjunct state court; thus the forum state has an interest in seeing its procedural laws applied. This is not necessarily so in bankruptcy cases. A bankruptcy court sits as a federal court, with its own set of procedural rules and its own unique, federal mission. Whereas diversity jurisdiction was designed to ameliorate any prejudicial effects that may arise from forcing foreign parties to sue or be sued in a resident's state court, *see Schwartz v. Elec. Data Sys.,* 913 F.2d 279, 287 (6th Cir.1990) (Merritt, C.J., dissenting), bankruptcy jurisdiction was designed to centralize and expedite claims against a debtor's estate, *see* Elizabeth Warren, "Bankruptcy Policymaking in an Imperfect World," 92 Mich.L.Rev. 336 (1993) (discussing the purposes of the bankruptcy system). As a court of equity, a bankruptcy court seeks to resolve creditors' claims in the fairest and most efficient manner possible. It may be necessary to invoke state laws to resolve these claims at times, but there is simply no reason why the forum state's laws, including its procedural rules, should presumptively be the laws chosen. Instead, a court should look to the equities of a case and balance the interests of the states in having their laws applied in order to decide which state's law controls. *See Vanston,* 329 U.S. at 161–62, 67 S.Ct. at 239. As the Court in *Vanston* made clear, the *Erie* doctrine has no application to choices of law made in bankruptcy courts. *See id.* 329 U.S. at 162–63, 67 S.Ct. at 239–40.

In fact, it may be manifestly unfair to resort to the procedural law-substantive law distinction of *Erie* in bankruptcy cases. The facts of the present case illustrate how mechanically applying the procedural law of the forum state may work an injustice. The defendants provided legal services under the auspices of New Jersey law. Defendants acknowledge that New Jersey's law on legal malpractice, except for its statute of limitation, may conceivably control the case. The only part of Tennessee law that defendants urge is unavoidably controlling is that part which could eliminate the claim against them entirely.[1] If this court unjustifiably resorted to the procedural law-substantive law distinction, the defendants could possibly reap the benefits of the "accident of geography" that led to the debtor's filing for bankruptcy in a federal court within Tennessee. The parties

---

1. It should be noted that plaintiff contends her action is sustainable under Tennessee or New Jersey law. Whether the action is time-barred under Tennessee law has not been addressed by the court.

to a case should be held up to the light of the laws under which they transacted, especially when a choice of law may be outcome determinative and regardless of whether this choice involves nominally "procedural" or "substantive" laws.[2]

The position taken by this court is not unique. The Northern District of Georgia reached the same conclusion in *In re Ovetsky*, 100 B.R. 115 (Bankr.N.D.Georgia 1989). As here, the Georgia bankruptcy court recognized that there was no justification for unthinkingly applying the statute of limitations of the forum state; as that court aptly observed: "A claim which was valid prior to bankruptcy should not be disallowed solely because the state law of the state in which the debtor has chosen to reside and file bankruptcy and which has no relation to the claim would not allow recovery." *Id.* at 118. The claim against the defendants could have validly been brought in a New Jersey court. Due to the bankruptcy filing, however, this action now happens to be in a federal court within Tennessee. Under defendants' argument, this filing alone confers on them the right to invoke a Tennessee law that could bar the action, even though the defendants had virtually no contact with Tennessee and even though defendants previously have strongly argued against the propriety of jurisdiction in a Tennessee state court.[3]

Defendants' arguments are transparent attempts at forum shopping. If New Jersey had the shorter statute of limitations, no doubt defendants would agree with the court's analysis. Such forum shopping, especially when it would work an injustice to the bankrupt estate, should be discouraged. A rule that looks beyond the simplistic procedural law-substantive law distinction to impose on parties the laws under which their behavior occurred deters such maneuvering. Moreover, such a rule acknowledges that the logic for applying the procedural rules of the forum state in diversity simply does not apply to bankruptcy cases. Given these considerations, the conclusion of this court on October 27, 1993 as to controlling statute of limitation shall not be altered.

## II

Failing a reconsideration of the previous outcome, defendants request an amendment to the previous Order certifying an interlocutory appeal on the choice of law question. This request shall likewise be denied.

"Certification [under 28 U.S.C. § 1292(b) ] is appropriate where the order to be appealed involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal may materially advance the ultimate termination of the litigation." *United States v. Summit Equip. & Supplies, Inc.*, 805 F.Supp. 1422, 1433–34 (N.D.Ohio 1992). Additionally, within this district interlocutory appeal is appropriate only in "protracted and expensive litigation," where a court's false move early on in a case could lead to an enormous burden being placed on the parties who have to follow the normal routes of appeal. *Ockerman v. May Zima & Co.*, 785 F.Supp. 695, 706 (M.D.Tenn.1992).

The Order in question does involve a controlling question of law about which there exists a difference of opinion. Moreover, immediate consideration of the correctness of the court's conclusion could advance the ulti-

---

**2.** The defendants' citation of *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), is unavailing. *Sun Oil* dealt with the right of a state court to apply its own statute of limitations to claims over which another state's substantive law controlled. This question bears no relation to the present question of whether a federal court must apply the forum state's statute of limitation where that court is not sitting in diversity as a state court and where the claims in question bear little relation to the forum state.

**3.** In addition to the concerns that defendants not be given an unfair advantage are the concerns that full resolution of creditors' claims occur. It is evident from Congress' providing for an enlargement of the time in which trustees may file actions on behalf of bankrupt estates that Congress meant to keep the doors of the bankruptcy court open longer than those of a typical court. If the door were now to be closed on the trustee, the creditors of the bankrupt estate would have no chance of recovery against the defendants, for it is only through this enlargement of time provision that the current action remains in court. The interest in seeing a fair distribution of resources thus favors that choice of law which continues the action.

mate termination of this litigation. However, this case is not so complex or protracted that it falls within the category of exceptional cases that should be granted a special right of appeal. Certainly the defendants would rather not invest further monies in the case if they could avoid doing so, but in fact, proceeding with this case in the district court may lead to a speedier disposition than if a delay were allowed for interlocutory appeal. Moreover, allowing the case to run its normal course allows all possibly appealable issues to be consolidated in one appeal.

### III

For the reasons stated above, the defendants' motion for reconsideration or in the alternative for amendment to include certification for interlocutory appeal shall be denied in an accompanying Order. Oral argument on these issues is unnecessary, and so the defendants' request therefor shall also be denied.